IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:19-cv-111 (WOB-CJS)

BONNIE R. PENDLETON                                          PLAINTIFF

VS.                      MEMORANDUM OPINION AND ORDER

AT&T SERVICES, ET AL.                                        DEFENDANTS

This is an ERISA case where Plaintiff claims that Defendants reduced her benefits without explanation and for no reason. Plaintiff contends that Defendants retroactively amended the terms of the benefit plan and changed the benefit calculation formula in order to lower her benefits. Defendants respond to this allegation by arguing that their plan administrator made a mistake in calculating the benefits due and simply corrected that mistake.

This case is now before the Court on Plaintiff's motion for summary judgment. (Doc. 18). Based on the analysis below, that motion is **DENIED**.

### I.   Factual and Procedural Background

AT&T employed Plaintiff's late husband at the time of his death in January 2017. This lawsuit is about the amount of the survivor pension benefit for which Plaintiff is eligible as a result of her husband's employment.

While employed with AT&T, Mr. Pendleton participated in the AT&T Legacy Management Program of the AT&T Pension Benefit Plan. (Doc. 17, Ex. A, AR 425). AT&T Services, Inc., is the Administrator of both the Plan and the Program. Although not a party, Fidelity Management Services was involved in the circumstances that gave rise to the suit. Fidelity serves as a recordkeeper for both the Plan and the Program and provides participants and beneficiaries with information, including pension estimates. (Doc. 17, Ex. C, AR602).

Following Mr. Pendleton's death, Fidelity contacted Plaintiff in March 2017, and informed her of her options regarding her survivor's pension benefit. Under the Program, she was eligible to receive either: (1) a single life annuity, or (2) a combination of a partial lump sum payment and a residual single life annuity. (Doc. 17, Ex. A, AR 329).

Fidelity, however, calculated the residual single life annuity payment amounts incorrectly. As described in the appeal denial letter dated March 28, 2019, over the course of fourteen months, Fidelity sent Plaintiff several benefit estimates with the amounts of the single life and residual single life annuities fluctuating based on different benefit commencement dates and a misapplication of the benefit formula by Fidelity. (Doc. 17, Ex. A, AR 422-428). They are summarized in the following chart:

| Letter Dated | Bates No | Benefit Commencement Date (BCD) | Single Life Annuity (SLA) | Plus Partial Lump Sum (PPLS) | Residual SLA (RSLA) |
|---|---|---|---|---|---|
| 03/13/17 | AR 329 | 02/01/17 | $3,284.48 | $132,779.32 | $4,722.77 |
| 04/05/17 | AR 334 | 09/01/18 | $3,564.04 | $132,779.32 | $5,256.75 |
| 04/03/18 | AR 336 | 04/01/18 | $3,491.43 | $132,779.32 | $3,107.47 |
| 04/23/18 | AR 338 | 09/01/18 | $3,567.43 | $132,779.32 | $3,181.73 |
| 05/04/18 | AR 340 | 09/01/18 | $3,567.42 | $132,779.32 | $3,181.73 |
| 01/18/19 | AR 414 | 09/01/18 | $3,567.43 | $133,503.66 | $2,866.62 |

Plaintiff eventually filed a formal claim for benefits with the Fidelity Service Center, and after disagreeing with the ruling on the claim, filed an administrative appeal. The AT&T Benefit Plan Committee advised her of the decision by letter dated March 28, 2019. (Doc. 17, Ex. A, AR 422-428). Having exhausted her administrative appeals, Plaintiff filed this lawsuit.

Plaintiff contends in Counts I and II that she is entitled to recover for breaches of fiduciary duty committed by Fidelity in

connection to incorrect pension estimates it provided. (Doc. 1, at 7-9). She seeks relief under 29 U.S.C. § 1132(a)(3), which provides for actions by participants, beneficiaries, or fiduciaries "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

Count III contains a claim for benefits inasmuch as she alleges that the benefit amount affirmed in her administrative appeal is incorrect. (Doc. 1, at 9). She seeks this relief under ERISA Section 502(a)(1)(B) (29 U.S.C.A. § 1132(a)(1)(B)), which authorizes participants and beneficiaries to seek the recovery of plan benefits. Plaintiff seeks the more favorable amount stated in an earlier estimate that Fidelity provided.

## II. Analysis

### a. Breach of Fiduciary Duty

Plaintiff argues that Defendants breached their fiduciary duties under ERISA by attempt to retroactively amending the parties' rights and obligations under the benefit plan to her detriment. Plaintiff also argues that Defendants breached their fiduciary duties by adding or changing requirements and inventing reasons to reduce her survivor benefits. Thus, Plaintiff insists

she is entitled to an equitable surcharge against the Defendants because they made it impossible for her to understand her benefits.

But Plaintiff's breach of fiduciary duty claim fails for a few reasons. First, relying on *Varity Corp. v. Howe*, 516 U.S. 489 (1996), Plaintiff asserts that Defendants falsely represented her benefits under the plan. While *Varity* does hold that an employer may be deemed a fiduciary if it makes misrepresentations to its employees about a benefit plan, the situation in this case differs. In *Varity*, the employer deliberately misled its employees in attempting to persuade them to transfer from their current benefit plan to a plan formed by a newly created subsidiary and misrepresented the differences between the old plan and the new one. *Id.* at 501.

Here, there is no evidence that any party was attempting to mislead Plaintiff. Fidelity made a series of mistakes in calculating the amount of the residual annuity. The initial payment calculations showed that Plaintiff would receive substantially more money if she took a lump-sum payout and a residual annuity as opposed to taking the annuity. On their face, these initial calculations should have alerted Plaintiff to a potential mistake. It makes no sense to allow a beneficiary to receive both a lump-sum payout and a residual annuity that is higher than taking only the annuity.

Plaintiff also seeks support from the case *CIGNA v. Amara*, 563 U.S. 421(2011), in which the Court reviewed a challenge by pension plan participants to an attempt to change the terms of their plan. *Id.* The district court held that changing the plan violated ERISA's notice obligations, and as a remedy for that violation, it reformed the plan and ordered benefits to be paid according to the reformed plan. *Id*.

The issue before the Court was whether Section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)), authorized such relief. The Court concluded that although that section of ERISA did not, Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)) could authorize such relief through a surcharge, if a plaintiff could show actual harm from a breach of fiduciary duty. *Id*. Although the Court discussed *Varity*, it did not reverse that decision.

*Amara* is inapplicable. Here, there was no change to either the Program or the Plan. Although Plaintiff argues that Fidelity attempted to apply later promulgated or non-existent plan rules to lower the amount of her residual single life annuity, Plaintiff's only evidence of such a misrepresentation or change in terms cites to a part of the benefit plan and program that is inapplicable to her benefit claim. (Doc. 6, at 3-4). The early retirement factor to be applied to her benefit had been in the plan language, as the Benefit Plan Committee found when it denied Plaintiff's appeal. (Doc. 17, Ex. A, AR 422-428).

Second, a denial of benefits claim cannot be repackaged as a breach of fiduciary duty claim. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998). The Supreme Court has limited the applicability of § 1132(a)(3) to beneficiaries who may not avail themselves of § 1132's other remedies. *Varity*, 516 U.S. at 512. Because § 1132(a)(1)(B) provides a remedy for Plaintiff's alleged injury that allows her to bring a lawsuit to challenge the Plan Administrator's denial of benefits, she does not have a right to a cause of action for breach of fiduciary duty pursuant to § 1132(a)(3).

Even if Plaintiff could pursue a breach of fiduciary duty claim related to the estimates that Fidelity provided, there is no evidence to support an allegation that Fidelity was acting as a fiduciary when it provided those estimates.

The fiduciaries in this case are AT&T Services, Inc. and the Benefit Plan Committee. Section 17.1 of the Plan document names "the Plan Administrator" as "the 'named fiduciary'" while the definitions section states that "Plan Administrator: means AT&T Services, Inc." (Doc. 17, Ex. B, AR 42,). Likewise, the Program's summary plan description identifies AT&T Services, Inc. as the Program Administrator. (Doc. 17, Ex. C, AR 597). The Program's summary plan description describes the claim and appeal process and grants to AT&T Services' Benefit Plan Committee the discretionary authority to decide appeals from claim decisions

made by the recordkeeper. (Doc. 17, Ex. C, AR 585-588). Fidelity is identified as the "recordkeeper" in that document. (Doc. 17, Ex. C, AR 602).

There is no evidence in the record that any of AT&T Services' discretionary authority has been delegated to Fidelity, which only administers the Service Center and makes initial claims determinations. *See Baxter v. C.A. Muer Corp. and Northern Group Services*, 941 F.2d 451, 455 (6th Cir. 1991) (breach of fiduciary cause of action would not lie against entity that was not a fiduciary but a "claims processor") (*citing Baker v. Big Star*, 893 F.2d 288 (11th Cir. 1989)(claims processor not a fiduciary when it did not insure benefits and employer retained right to review denial of claims)).

    **b.   Benefit Plan Committee's Decision**

Here, Plaintiff has agreed that the arbitrary and capricious standard of review applies. (Doc. 18, at 170). Plaintiff argues that Defendants' calculation of her benefits was arbitrary and capricious because it was the result of a cascade of shifting and confusing standards and not based on principled reasoning.

When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious, and the Benefit Plan Committee's decision should be upheld if it is determined to be rational in light of the plan's provisions. *Spangler v. Lockheed Martin Energy Sys.*,

313 F.3d 356, 361 (6th Cir. 2002); *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 984 (6th Cir. 1991).

As noted during the administrative appeal, there was no change to the Program in January, 2018, or at any other time after Mr. Pendleton's death, regarding the substitution of the surviving spouse's age for that of the participant. Article 9.1.2 of the Program document in effect as of the date of Mr. Pendleton's death states that "the age of the Surviving Spouse will be substituted for the Participant's age." (AR 440). Likewise, when calculating the residual annuity portion of the lump sum option, Article 9.1.2 references Article 13.2.4, and section (1)(f) of Article 13.2.4 calls for the application of "the early commencement factor set forth in Table 3 of Appendix A." (*Id.*).

Given that there was a rational basis for the Benefit Plan Committee's determination that Plaintiff was not entitled to have her residual single life annuity payment calculated without substituting her age for her husband's and without application of an early retirement factor, that decision was neither arbitrary nor capricious.

### III. Conclusion

For the reasons above, Plaintiff's motion for summary judgment (Doc. 18) is **DENIED**.

So ordered this 12th of August 2020.



Signed By:
*William O. Bertelsman*
United States District Judge